IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-08-068** |
| v. | : | **JUDGE SYLVIA H. RAMBO** |
| **JOHN IORIO** | : | |

## M E M O R A N D U M and O R D E R

      The background of this order is as follows.  Before the court is Defendant's second *pro se* motion seeking removal of his appointed defense attorney due to disagreement about legal strategy.  (Doc. 50.)  In his first motion to remove counsel, Defendant argued that defense counsel should be removed for failing to communicate with him more about his case, for not sharing all discovery with him, and because he disagreed with her legal strategy in seeking to dismiss Count II of the indictment.  (Doc. 30.)  The motion was denied, because this court found Defendant's counsel to be a zealous and effective advocate on Defendant's behalf.  By way of example, the court noted that defense counsel's efforts resulted in the dismissal of Count II of the indictment.  (Doc. 31.)  On June 16, 2008, the government secured a superseding indictment reinstating the charge in Count II.  Defense counsel filed a motion to dismiss Count II of the superseding indictment as barred by *res judicata* and collateral estoppel.  That motion is not yet ripe for disposition.

      Defendant now claims that his counsel is ineffective because he disagrees with the legal strategy and arguments utilized by his counsel in seeking to dismiss Count II of the superseding indictment.  Defendant argues that he directed his counsel to argue instead that Count II should be dismissed because there was no attempt or substantial step taken to commit the offense charged.  According to

Defendant, if the first motion to dismiss "had been based on attempt and substantial steps which can be well proven, this charge would have been dismissed once and for all the first time."  (Doc. 50 ¶ 5.)

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668 (1984).  However, that right "does not extend to the appointment of counsel of choice, or to special rapport, confidence, or even a meaningful relationship with appointed counsel.  There is no right to counsel who will blindly follow the defendant's instructions."  *United States v. Jennings*, 855 F. Supp. 1427, 1441 (M.D. Pa. 1994) (internal citations omitted); *see also United States v. Davis*, 235 F.R.D. 292, 297 (W.D. Pa. 2006).  When a defendant requests substitution of counsel, "the district court must engage in at least some inquiry as to the reasons for the defendant's dissatisfaction with his existing attorney."  *McMahan v. Fulcomer*, 821 F.2d 934, 942 (3d Cir. 1987) (citing *United States v. Welty*, 674 F.2d 185, 187 (1982)).  A request need only be granted for good cause, such as conflict of interest, a complete breakdown of communication, or irreconcilable conflict with the attorney that could lead to an unjust verdict at trial.  *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995); *see also Welty*, 674 F.2d at 188; *Jennings*, 855 F. Supp. at 1441.

After careful consideration of the arguments raised by Defendant, the court is of the opinion that Defendant's current court-appointed attorney is providing adequate and effective representation, and that no good cause exists requiring substitution of counsel.  Although it is clear that Defendant disagrees with his court-appointed attorney concerning legal strategy, her advocacy on his behalf in this case thus far has been zealous and effective.  It is also apparent that there has not been a total breakdown of communication or an irreconcilable conflict between Defendant and his attorney.  To the contrary, Defendant describes a number of

meetings with his counsel, at which she discussed legal strategy, and kept Defendant informed about developments in his case.  Because the court finds no good cause for substitution of counsel, Defendant's motion will be denied.

**IT IS THEREFORE ORDERED THAT** Defendant's *pro se* motion to remove counsel is **DENIED**.  The Clerk of Court shall mail a copy of this order to Defendant.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated:  July 21, 2008.