IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:CR-08-0068** |
| | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN IORIO** | : | |

# **M E M O R A N D U M**

Before the court is a motion by Defendant John Iorio to dismiss Count II of the superseding indictment. Like Count II of the first indictment, which was dismissed by this court, the superseding indictment charges Defendant with attempting to entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). Defendant argues that the government is precluded from reviving the dismissed count in a superseding indictment. However, upon reexamination of the issue, this court is convinced that its previous decision to dismiss Count II of the indictment was in error. For the reasons that follow, Defendant's motion to dismiss Count II of the superseding indictment will be denied.

**I.      Background**

From March 2007 until February 2008, a law enforcement agent posing as the mother of a ten year old child, and later the fictitious child herself, corresponded with Defendant via computer. In the course of these conversations, Defendant sent the law enforcement agent child pornography and expressed interest in videotaping himself having sex with the child. No actual minor ever existed. No meeting was ever arranged, but the parties dispute whether Defendant actually

believed that the minor existed, or whether he was aware that he was communicating with law enforcement.

On March 5, 2008, Defendant was indicted by a grand jury for offenses stemming from those conversations. Count I of the indictment charged Defendant with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and § 2252A(b)(1) and § 2. Count II charged Defendant as follows:

> From on or about March 7, 2007 and continuing up to on or about February 13, 2008, in Harrisburg, Dauphin County, Pennsylvania and within the Middle District of Pennsylvania and elsewhere, the defendant, JOHN IORIO knowingly attempted to employ, use, persuade, induce and entice and did attempt to employ, use, persuade, induce and entice a minor to engage in, assist another person to engage in and transport a minor in interstate commerce with the intent that such minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce and mailed by any means, including by computer. In violation of Title 18, United States Code, § 2251(a) and § 2.

Defendant sought to dismiss Count II, arguing that 18 U.S.C. § 2251(a) requires the involvement of an actual minor, and no minor was involved. (Doc. 24.) On May 7, 2008, the motion was granted and Count II of the indictment was dismissed. (Doc. 29.)

No appeal was taken, nor was a timely motion for reconsideration filed by the government.[1] Instead, on May 28, 2008, the government secured a

---

[1] On May 21, 2008, the government filed a document entitled "Motion of the United States for Clarification and Notice of Intent to Supersede Indictment." (Doc. 32.) In this filing, the government (1) notified the court that it intended to seek a superseding indictment reinstating the charge in Count II and (2) sought clarification of this court's order dismissing Count II of the indictment, but only in the event that the grand jury returned a superseding indictment.

The government now suggests that this document constituted a motion for reconsideration. (*See* Doc. 47 at 10-11.) It did not. The government requested "clarification" of the order only in the event that a superseding indictment was filed, but once a superseding indictment was filed,

(continued...)

superseding indictment. Count II of the superseding indictment provides as follows (modifications from Count II of the indictment are noted in italics):

> From on or about March 7,2007 and continuing up to on or about February 13, 2008, in Harrisburg, Dauphin County, Pennsylvania and within the Middle District of Pennsylvania and elsewhere, the defendant, JOHN IORIO *knowingly attempted to violate Title 18, United States Code, § 2251(a), that is,* the defendant did attempt to employ, use, persuade, induce and entice a minor to engage in, assist another person to engage in and transport a minor in interstate commerce with the intent that such minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate commerce and mailed by any means, including by computer. In violation of Title 18, United States Code, § 2251(a), *§ 2251(e)*.

On June 20, 2008, Defendant filed a motion to dismiss Count II of the superseding indictment, arguing that reinstatement of the charge is barred by principles of *res judicata* and collateral estoppel. (Doc. 45.) The government filed a brief in opposition on July 8, 2008, (Doc. 47), and a reply brief was filed on July 22, 2008, (Doc. 52). Accordingly, this issue has been fully briefed and is ripe for disposition.

**I.      Legal Standard**

"An indictment is an accusation only, and its purpose is to identify the defendant's alleged offense . . . and fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have." *United States v. Stanfield*, 171 F.3d 806, 812 (3d Cir. 1999) (quotations and citations omitted). A defendant, however, may move to dismiss an indictment based on defects in the

---

[1](...continued)
reconsideration of the dismissal of the indictment became a moot point. Moreover, the government failed to file a brief in support of its motion, as required by Local Rule 7.5. Accordingly, on June 17, 2008, after the government secured a superseding indictment reinstating Count II, the court denied the government's motion as moot in light of the superseding indictment. (Doc. 44.)

indictment, lack of jurisdiction, or failure to charge an offense. Fed. R. Crim. P. 12(b)(3)(B).

An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge [against him,] and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *accord United States v. Cefaratti,* 221 F.3d 502, 507 (3d Cir. 2000) ("An indictment . . . to be sufficient must contain all essential elements of the charged offense."). However, an indictment "fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002). In other words, the facts in the indictment must satisfy the elements of the underlying criminal statute. *Id*. at 684.

Finally, in addressing a motion pursuant to Rule 12(b)(3)(B), the indictment "is to be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994); *accord United States v. Caicedo*, 47 F.3d 370, 371 (9th Cir. 1995); *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978). If the allegations in the indictment do not suffice to state an offense, Rule 12(b)(3)(B) authorizes dismissal; however, "dismissal[] may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000) ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

**III.      Discussion**

Defendant argues that Count II of the superseding indictment should be dismissed because it reinstates the charge in Count II of the indictment, which was previously dismissed.  The government responds that Count II of the superseding indictment "is different in two material ways: (1) its charging language expressly alleges that Iorio 'knowingly attempted to violate Title 18, United States Code, section 2251(a),' tracking the language of section 2251(e) in a different way than did the original Count Two; and (2) it specifically cites section 2251(e), expressly invoking its attempt provisions." (Doc. 47 at 12.)  The government goes on to renew its argument that the charged offense does not require the involvement of an actual minor.  These arguments will be addressed in turn.

    **1.     Preclusive effect of the Dismissal of Count II of the Indictment**

Defendant invokes the preclusive doctrines of collateral estoppel and *res judicata*, which bar relitigation of an issue or claim respectively, that has been previously litigated by the same parties and which resulted in a valid and final judgment on the merits. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (collateral estoppel); *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (*res judicata*).  However, these doctrines only apply where there has been a final adjudication on the merits.  As the government correctly points out, a motion to dismiss an indictment is not a final adjudication on the merits. *See United States v. Merlino*, 310 F.3d 137, 142 (3d Cir. 2002) (holding that a final judgment in favor of a criminal defendant requires an acquittal by a unanimous jury verdict).

However, there is another principle of preclusion quite similar to *res judicata* and collateral estoppel that applies—the "law of the case" doctrine, which provides that a court should avoid reconsideration of issues already decided in the

same proceeding, even though there has not yet been a final judgment. 18B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4478.1 (2d ed. 1987). Unlike *res judicata* and collateral estoppel, under the "law of the case" doctrine a court may depart from a previous ruling. Nevertheless, the previous ruling should hold unless there has been an intervening change in law, newly-discovered evidence, or a clear error or manifest injustice. *Id.*

Here, the law of the case doctrine applies because there is no material difference between Count II of the indictment and Count II of the superseding indictment. The government argues that there is a difference between the first and superseding indictments by pointing to the addition of a citation to subsection (e) in the superseding indictment. However, the government provides no explanation for how this difference is material. The government does not proceed on a different legal theory or factual predicate, and the elements of the offense charged remain the same. Just as in the original indictment, Defendant is charged with attempting to entice a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct in violation of 18 U.S.C. § 2251(a). The addition of a citation to 18 U.S.C. § 2251(e)[2] is not a material difference. This subsection

---

[2] 18 U.S.C. § 2251(e) provides as follows:
Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life.
(continued...)

does not refer to a separate crime of attempt from subsection (a), but instead sets forth the appropriate punishment for a violation of any of the crimes identified in § 2251, including § 2251(a).[3]  Thus there is no material difference between the first and superseding indictments because both charged Defendant with attempted enticement of a minor for a purpose of creating child pornography in violation of 18 U.S.C. § 2251(a), and the government's reinstatement of that charge is subject to the law of the case doctrine.

### B. The Court Clearly Erred in Dismissing Count II of the Indictment

The conclusion that the charges are the same does not end this court's inquiry.  The law of the case doctrine does not bar relitigation of an issue where the earlier decision was based upon clear error.  After careful consideration of the arguments raised by the parties, and this court's own reexamination of the issue, the court concludes that the dismissal of Count II of indictment was clearly in error and

---

[2](...continued)
Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

[3] Indeed, the text of § 2251(a) already includes a reference to § 2251(e):
Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, *shall be punished as provided under subsection (e)*, if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.
*Id.* (emphasis added).

that Defendant's motion to dismiss Count II of the superseding indictment must be denied.

Defendant is charged not with the substantive offense of enticement codified at 18 U.S.C. § 2251(a), but rather the distinct inchoate offense of attempting to violate that statute. The crime of attempt requires the satisfaction of two elements: (1) the defendant must act with the culpability required for the underlying offense, and (2) the defendant must engage in conduct that constitutes a substantial step towards commission of that offense. *United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006). This court's previous opinion held that the involvement of an actual minor is required to sustain a conviction for attempting to violate 18 U.S.C. § 2251(a). Indeed, the plain language in the statutory definition of minor requires the involvement of an actual minor for the substantive offense in § 2251(a). 18 U.S.C. § 2256(1). However, because Defendant is charged with attempting to violate the statute, rather than the completed crime, the government need only establish that Defendant acted with the requisite mens rea and took a substantial step towards commission of the underlying offense. Thus in order to secure a conviction, the government must prove that Defendant *believed* he was communicating with an actual minor, but no actual minor need be involved. This court clearly erred in holding that the charged offense required the involvement of an actual minor, and so the law of the case doctrine does not preclude the government from reinstating that charge in the superseding indictment.

The court will also take this opportunity to address two additional arguments raised by Defendant in his first motion to dismiss the indictment that were fully briefed by the parties but were not expressly considered by the court in its

previous opinion. Defendant argued that his communications with law enforcement were protected by the First Amendment,[4] and that the evidence indicates that he lacked the requisite mens rea and did not take a substantial step towards the completion of the crime. However, both of these arguments go to the sufficiency of the evidence against him, which the court cannot consider on a motion to dismiss an indictment. *See United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) (holding that an indictment cannot be dismissed based on the sufficiency of the evidence).[5] Accordingly, the court will not reach those issues at this time. The

---

[4] Although Defendant does not expressly state the nature of his First Amendment defense, it appears that he makes an as-applied rather than a facial challenge to the constitutionality of the statute. However, the court cannot resolve Defendant's as-applied challenge on this motion to dismiss because it is based on Defendant's assertion—which is disputed by the government—that Defendant never believed the law enforcement agent was an actual child. Because this argument is based on disputed facts that must be resolved at trial, the court cannot decide this issue on Defendant's motion to dismiss the indictment. Defendant is free to renew this argument in an appropriate motion at a later time.

[5] Defendant does not expressly invoke the affirmative defense of legal impossibility, although the government discusses it at length. Nevertheless, this defense is raised implicitly by Defendant's argument that the charged offense requires the involvement of an actual minor. This issue may be briefly addressed here, insofar as it is based on the facts alleged in the indictment and the undisputed involvement of a government decoy, because it is a purely legal issue that does not go to the sufficiency of the evidence.

At common law, the defense of impossibility could be raised as an affirmative defense to a crime of attempt. However, the law distinguished between factual impossibility, which is no defense, and legal impossibility, which is a complete defense. "Factual impossibility is said to occur when extraneous circumstances unknown to the actor or beyond his control prevent consummation of the intended crime. By contrast, legal impossibility is said to occur where the intended acts, even if completed, would not amount to a crime." *United States v. Tykarsky*, 446 F.3d 458, 465 (3d Cir. 2006) (citations and quotations omitted). As the Third Circuit noted in *Tykarsky*, the distinction between factual and legal impossibility is murky, and the defense has become disfavored. *Id.* at 465-66. Moreover, in *Tykarsky* the Third Circuit held that legal impossibility is only available as a defense where Congress intends for it to be available. *Id.* at 466. The court concluded that Congress did not intend for the defense of legal impossibility to be available as a defense to the crime of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b). *Id.* at 468-69.

Without deciding whether the defense of legal impossibility is available under 18 U.S.C. § 2251, the facts of this case suggest a claim of factual, rather than legal impossibility. Here, there is no dispute that the government agent held herself out as a ten year old child. The fact that the agent was

(continued...)

burden remains on the government at trial to prove every element of the offenses charged in the superseding indictment.

**III.     Conclusion**

      For the foregoing reasons, Defendant's motion to dismiss Count II of the superseding indictment will be denied.  The court regrets any delay or inconvenience the court's previous erroneous ruling may have caused to the defense or to the government.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated:  August 26, 2008.

---

        [5](...continued)
actually an adult female is an extraneous circumstance allegedly unknown to Defendant.  Thus this case presents a claim of factual, rather than legal impossibility.  By contrast, if it were alleged that the Defendant was under the mistaken belief that it was illegal to entice a twenty year old, and the agent had held herself out as a twenty year old, then Defendant could successfully assert a defense of legal impossibility, because the intended act, even if completed, would not have constituted a crime.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:CR-08-0068** |
| : | |
| **v.** : | **JUDGE SYLVIA H. RAMBO** |
| : | |
| **JOHN IORIO** : | |

# **O R D E R**

**IT IS HEREBY ORDERED THAT**, Defendant's motion to dismiss Count II of the superseding indictment (Doc. 45) is **DENIED**.

                                                 s/Sylvia H. Rambo
                                                 SYLVIA H. RAMBO
                                                 United States District Judge

Dated: August 26, 2008.